# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-164V

* * * * * * * * * * * * * * * * * * * * * * * *
|  |  |
|---|---|
| RAPLH DEVITO, | Chief Special Master Corcoran |
| Petitioner, | Filed: March 10, 2026 |
| v. |  |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

* * * * * * * * * * * * * * * * * * * * * * * *

*Nancy R. Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.

*Jay Travis Williamson*, U.S. Department of Justice, Washington, DC, for Petitioner.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On February 6, 2023, Ralph Devito filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that receipt of an influenza vaccine administered on October 12, 2021, caused him to develop Guillain-Barré syndrome within the time period set forth in the Table, or in the alternative, that his neuropathy was caused-in-fact by the flu vaccine. The parties successfully settled the case, and I issued a decision awarding Petitioner compensation. *See* Decision, dated Oct. 6, 2025 (ECF No.60).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Jan. 23, 2026) (ECF No. 65) ("Mot."). This is Petitioner's sole fees and costs request. Petitioner requests a total of $83,351.23 in attorney's fees and costs ($69,396.00 in fees, plus

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

$13,955.23 in costs) for the work of his attorney, Nancy Meyers at Turning Point Litigation. Mot. at 1. Respondent reacted to the fees request on January 27, 2026. *See* Response, dated Jan. 27, 2026 (ECF No. 66) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 5. Petitioner filed a reply, concurring with Respondent that I should exercise my discretion in determining a reasonable award. Reply, dated Jan. 27, 2026 (ECF No. 67)

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$83,351.23**.

## I.      Calculation of Fees

Because Petitioner's claim was successful, he is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys and support staff, based on the years work was performed:

|  | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|
| **Nancy Meyers (Attorney)** | $460.00 | $490.00 | $530.00 | $530.00 | $570.00 |
| **L. Cooper Harrell (Attorney)** | $430.00 | $460.00 | $490.00 | $490.00 | $550.00 |
| **Hillary Kies (Attorney)** | $370.00 | $390.00 | $410.00 | $410.00 | $470.00 |

| Tyler Nullmeyer (Attorney) | $275.00 | $290.00 | $315.00 | $350.00 | $430.00 |
|---|---|---|---|---|---|
| Paralegals | $160.00 | $165.00 | $180.00 | $180.00 | $210.00 |

ECF No. 65-1 at 1–31.

The attorneys at Turning Point Litigation practice in Greensboro, NC—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid form rates as established in *McCulloch. See Stone v. Sec'y of Health & Hum. Servs.*, No. 18-634V, 2023 WL 8895692 (Fed. Cl. Spec. Mstr. Nov. 29, 2023). The rates requested for work performed through 2025, for Attorney Myers, her attorneys, and her paralegals are also consistent with what has previously been awarded for their work, in accordance with the Office of Special Masters' fee schedule. [3] *Rushing v. Sec'y of Health & Hum. Servs.*, No. 19-397V, 2024 WL 4449511, at *2 (Fed. Cl. Spec. Mistri. Sept. 10, 2024). I thus find no cause to reduce them in this instance (and grant all time devoted to the matter through the end of 2025).

The newly-requested 2026 rates, by contrast, have not yet been officially approved, and/or adopted by a special master. But the total amount of actual work in question is modest—$1,834.00, for work performed from January 8 – 22, 2026. ECF No. 65-1 at 31. I will award this sum requested based on the overall reasonableness of the amount, but do not at this time opine on the propriety of the rates at issue.

## II.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioners seek $13,955.23 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with the work of a single expert—Zurab Nadareishvili, M.D., Ph.D. Mot. at 1; ECF No. 65-1 at 34. Dr. Nadareishvili reviewed the relevant medical records, conducted a literature review, and prepared one written report on the matter. Petitioner never submitted Dr. Nadareishvili's report as the parties were ultimately able to resolve

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 10, 2026).

that matter informally and a 15-week Order was issued, but the successful resolution of the case suggests his input aided its resolution. Dr. Nadareishvili submitted an invoice reflecting a total amount of $12,000.00 (20 hours of work billed at $600.00 per hour). ECF No. 65-1 at 34. The total amount charged was largely reasonable for the work performed, and I do not find any reason to make reductions. And all other costs associated with this matter shall be awarded.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Final Motion for an Award of Attorney's Fees and Costs in its entirety. Petitioner is awarded a total of **$83,351.23**, reflecting $69,396.00 in attorney's fees and $13,955.23 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.